Victor Hugo **ROGEL–NAJERA,**
**Petitioner,**

v.

Loretta E. **LYNCH,** Attorney General, **Respondent.**

No. 14–73723

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 23, 2016

Murray David Hilts, Law Offices of Murray D. Hilts, San Diego, CA, for Petitioner.

Richard Zanfardino, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Victor Hugo Rogel–Najera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rogel–Najera's motion to reopen for failure to establish prima facie eligibility for cancellation of removal, where the evidence submitted did not show the required hardship to his new qualifying relative. *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted unless it establishes a prima facie case for relief); *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (no abuse of discretion in denying motion to remand to apply for cancellation after the birth of a U.S. citizen child where petitioner did not tender any evidence showing "exceptional and extremely unusual hardship"). We reject Rogel–Najera's contention that the BIA's reasoning was insufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir. 2010) (the BIA adequately considered evidence and sufficiently announced its decision).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011).

In light of this disposition, we need not address Rogel–Najera's remaining contentions regarding the timeliness of his motion.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**